Case 6:19-cv-06001-SOH   Document 1   Filed 01/02/19   Page 1 of 18 PageID #: 1

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Jan 2, 2019
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH HARRIS, Individually and on
Behalf of All Others Similarly Situated                                            PLAINTIFF

vs.                                    No. 6:18-cv-6001

GEORGIA-PACIFIC WOOD PRODUCTS,                                            DEFENDANTS
LLC, and GEORGIA-PACIFIC, LLC

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Kenneth Harris ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Class and Collective Action against Defendants Georgia-Pacific Wood Products, LLC, and Georgia-Pacific, LLC (collectively "Defendants"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Kenneth Harris, both individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Hot Spring Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.     THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff is a resident and citizen of Pike County.

13. Plaintiff has been employed by Defendant as an hourly-paid employee since approximately October of 2014.

14. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15. Defendant Georgia-Pacific Wood Products, LLC ("Wood Products"), is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

16. Wood Products' registered agent for service of process is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201.

17. Wood Products is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18. Wood Products is a leading supplier of various wood-based building supplies, such as sub-flooring, sheathing and lumber.

19. Wood Products operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

20. During the time period relevant to this case, Plaintiff has been employed at Wood Product's manufacturing facility in Gurdon.

21. Wood Products has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced

for commerce by others, such as raw material used to manufacture sub-flooring, sheathing and lumber.

22.   Wood Product's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

23.   Defendant Georgia-Pacific, LLC ("Georgia-Pacific"), is a foreign limited liability company, registered and licensed to do business in the State of Delaware.

24.   Georgia-Pacific's registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

25.   Georgia-Pacific is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

26.   Georgia-Pacific is a leading supplier of various types of building products around the world.

27.   Georgia-Pacific operates multiple manufacturing facilities worldwide, including a facility in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across its facilities.

28.   During the time period relevant to this case, Plaintiff was employed at Georgia-Pacific's manufacturing facility in Gurdon.

29.   Georgia-Pacific has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture building products.

30. Georgia-Pacific's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

31. Wood Products and Georgia-Pacific jointly operate the manufacturing facility at which Plaintiff and the collective and class members were employed.

32. Defendants, together, have unified control over employees and jointly exercise authority over Plaintiff and other employees, set the pay policy applicable to Plaintiff and the others and control the work schedule of Plaintiff and the others.

## IV.   FACTUAL ALLEGATIONS

33. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

34. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid employee.

35. Plaintiff and other hourly-paid employees (the "others") regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

36. Plaintiff and the others were hourly employees and paid an hourly rate.

37. Plaintiff and the others recorded their hours worked via an electronic time clock, which logged their hours into a payroll system maintained by Defendants.

38. The payroll system used by Defendants rounded hours worked by Plaintiff and the others in favor of Defendants by rounding to fifteen (15) minute increments.

39. For example, if an hourly employee on one day clocked in at 5:15 am, and worked eleven (11) hours with a thirty (30) minute lunch break, the payroll system recorded his or her cumulative time to be paid the same amount of time as on a different

day where the employee had clocked in earlier at 5:10 am. Likewise, if an hourly employee clocked out at 5:05 pm, Defendants' payroll system rounded his or her end time down to 5:00 pm to fit within the fifteen minute increment used by Defendants.

40. The rounding in Defendants' time keeping system resulted in several hours of unpaid work each month for Plaintiff and the others.

41. Plaintiff and the others were also paid non-discretionary shift differentials on a regular basis when certain objective and measurable criteria were met.

42. In addition, Defendants paid Plaintiff and the others one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

43. When calculating Plaintiff's and the others' shift differentials, Defendants did not include the unpaid time that was rounded out by Defendants' payroll system.

44. Defendants did not include the shift differentials paid to Plaintiff and the others in their regular rates of pay when calculating their overtime pay.

45. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as production or attendance based incentives, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

46. Defendants violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and the others in their regular rate when calculating their overtime rate.

47. Plaintiff worked for Defendants at their facility in Gurdon (hereinafter the "Gurdon facility") and Defendants' pay practices were the same for all hourly workers at the Gurdon facility.

48. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendants' corporate headquarters.

49. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and the others violated the FLSA and AMWA.

50. Defendants' hourly-paid employees were classic manual laborers, working with machinery and equipment to produce Defendants' products in a factory setting.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

#### A.   FLSA § 216(b) Class

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53. Plaintiff brings his FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

54. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

55. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

    B. They were paid hourly rates;

    C. They recorded their time in the same manner;

    D. They were subject to Defendants' common policy of rounding time worked in Defendants' favor; and

    E. They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

56. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 150 persons.

57. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, first class mail and email as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

58. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the FRCP.

59. Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

60. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to include non-discretionary bonuses in its calculation of overtime pay, Defendants paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

61. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

62. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

63.   Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 150 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

64.   At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

65.   Concentrating the litigation in this forum is highly desirable because Defendants' Gurdon facility is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

66.   No difficulties are likely to be encountered in the management of the class.

67.   The claims of Plaintiff are typical of the claims of the class in that Plaintiff worked as an hourly-paid employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

68.   Plaintiff and his counsel will fairly and adequately protect the interests of the class.

69.   Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this, and to the extent that they find that they are not, they are able and willing to associate additional counsel.

70.   Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

Page 10 of 18
Kenneth Harris, et al. v. Georgia-Pacific Wood Products, LLC, et al.
U.S.D.C. (W.D. Ark.) No. 6:18-cv-____
Original Complaint—Class and Collective Action

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

56.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

57.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.   During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

59.   Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

60.   Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' acts of illegally rounding hours worked by Plaintiff in Defendants' favor and not paying Plaintiff for all hours worked.

61.   Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

62.   Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.\

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

65. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66. Plaintiff brings this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

67. Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

68. During the period relevant to this lawsuit, Defendants classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

69. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

70. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

71. In the past three years, Defendants have employed hundreds of hourly-paid employees.

72. Like Plaintiff, these hourly-paid employees regularly worked more than forty (40) hours in a week.

73. Defendants failed to pay these workers at the proper overtime rate.

74. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

75. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and these seek, unpaid overtime wages, liquidated damages, and costs, including attorney's fees as provided by the FLSA.

77. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and the class are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
#### (Individual Claim for Violation of the AMWA)

78. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated in this section.

79. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

80. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

81. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

83. Defendants' failure to properly pay overtime wages to Plaintiff stems from Defendants' acts of illegally rounding hours worked by Plaintiff in Defendants' favor and not paying Plaintiff for all hours worked.

84. Defendants' failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

85. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

86. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of the complaint, plus periods of equitable tolling.

87. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

88. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

89. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq*.

90. At all relevant times, Defendants have been, and continue to be, the "employer" of Plaintiff and the members of the class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

92. Defendants failed to pay Plaintiff and members of the proposed class all overtime wages owed, as required under the AMWA.

93. Defendants' failure to include non-discretionary bonuses in Plaintiff's and members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and members of the proposed class full and complete overtime during weeks in which Plaintiff and members of the proposed class worked more than forty (40) hours.

94. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each hourly Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

95. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

96. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

97. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kenneth Harris respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(A)  That Defendants be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)　A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)　A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)　Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)　Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)　Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)　Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)　Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I) An order directing Defendants to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF KENNETH HARRIS,**
**Individually and on Behalf of All**
**Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com